IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

GARY B. WILLIAMS, )
)
    Plaintiff, )
v. ) Civil Action No. 3:12CV139–HEH
)
CARY B. BOWEN, *et al.*, )
)
    Defendants. )

## MEMORANDUM OPINION
(Dismissing Civil Rights Action)

Gary B. Williams, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I. PRELIINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'"

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

*Clay v. Yates,* 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin,* 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a

claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. SUMMARY OF THE COMPLAINT

Williams filed this Complaint while confined in the Richmond City Jail awaiting a probation revocation proceeding. Williams names five defendants in his Complaint: Cary B. Bowen, Williams's court-appointed defense counsel; Tracy Thorne-Begland, the then Deputy Commonwealth's Attorney for the City of Richmond; C.T. Woody, Sheriff of the City of Richmond and custodian of the Richmond City Jail; E. Davis, a Sheriff's Deputy; and, the Virginia General Assembly.

Williams lists five claims in his Complaint. In Claims I and II, Williams alleges misconduct by Bowen and Thorne-Begland in Williams's probation revocation proceedings. In Claim III, Williams complains about his conditions of his confinement in the Richmond City Jail under Woody's supervision and his limited access to the courts. In Claim IV, Williams complains that, on one occasion, Deputy Davis seized Williams's legal pad. In Claim V, Williams contends that "[t]he laws passed by the general assembly authorizing charging inmates for being in jail awaiting trials or judicial reviews or handling appeals violates due process, hinders litigation, and punishes pro-se litigators . . . ." (Compl. 11.)

### A.    Misjoinder

The Federal Rules of Civil Procedure place limits on a plaintiff's ability to join multiple defendants in a single pleading. *See* Fed. R. Civ. P. 20(a). When a plaintiff seeks to bring multiple claims against multiple defendants, he must satisfy Federal Rule of Civil Procedure 20(a), which provides:

> **(2) *Defendants.*** Persons . . . may be joined in one action as defendants if:
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a). "The 'transaction or occurrence test' of the rule . . . 'permit[s] all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary.'" *Saval v. BL Ltd.*, 710 F.2d

4

1027, 1031 (4th Cir. 1983) (quoting *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974) (citation corrected)). "But, Rule 20 does not authorize a plaintiff to add claims 'against different parties [that] present[ ] entirely different factual and legal issues.'" *Sykes v. Bayer Pharm. Corp.*, 548 F. Supp. 2d 208, 218 (E.D. Va. 2008) (alterations in original) (quoting *Lovelace v. Lee*, No. 7:03CV00395, 2007 WL 3069660, at *1 (W.D. Va. Oct. 21, 2007)). "And, a court may 'deny joinder if it determines that the addition of the party under Rule 20 will not foster the objectives of [promoting convenience and expediting the resolution of disputes], but will result in prejudice, expense, or delay.'" *Id.* (quoting *Aleman v. Chugach Support Servs., Inc.*, 485 F.3d 206, 218 n.5 (4th Cir. 2007)).

"The Court's obligations under the PLRA include review for compliance with Rule 20(a)." *Coles v. McNeely*, No. 3:11CV130, 2011 WL 3703117, at *3 (E.D. Va. Aug 23, 2011) (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)). Thus, multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that these complaints have produced but also to ensure that prisoners pay the required filing fees. *See* 28 U.S.C. § 1915(g); *Showalter v. Johnson*, No. 7:08cv00276, 2009 WL 1321694, at *4 (W.D. Va. May 12, 2009)).

Here, Claims III, IV, and V, concerning incidents and policies involving the Richmond City Jail do not arise out of the same transaction or occurrence and do not

5

present common questions of law and fact to Claims I and II. Moreover, permitting the joinder of Claims III, IV, and V to Claims I and II would not foster the objective of Rule 20. Accordingly, Claims III through V will be dismissed without prejudice. *See id.* at \*4 (employing a similar procedure).

### B. Allegations with Respect to Claims I and II

In 2008, Thorne-Begland initiated probation revocation proceedings against Williams. (Compl. 6.) Williams contends Thorne-Begland initiated the proceedings "in an attempt [to] bully plaintiff Williams a african american into falsely testifying under oath against Robert Wallace and other african americans in order to convict them of drug crimes that never occurred." (*Id.*) Williams alleges, "Thorne-Begland has no expectation of obtaining a valid constitutionally sound judgment in state proceedings and can only succeed with the aid of attorney Cary Bowen who under the guise of representing Williams, is really deliberately misrepresenting Williams by blocking the introduction of witnesses and federal discovery . . . ." (*Id.*)

### III. ANALYSIS

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). Private attorneys and public defenders do not act under color of state or federal authority when they represent defendants in criminal proceedings. *See, e.g., Polk Cnty. v. Dodson*, 454 U.S. 312, 325

(1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982) (holding that private attorneys do not act under color of state or federal law when representing clients). Accordingly, Williams has failed to state a viable claim against Bowen. Claim I will be dismissed.

Additionally, prosecutorial immunity bars Williams's claim against Thorne-Begland. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Prosecutorial immunity extends to actions taken while performing "the traditional functions of an advocate," *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997) (citations omitted), as well as functions that are "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430. To ascertain whether a specific action falls within the ambit of protected conduct, courts employ a functional approach, distinguishing acts of advocacy from administrative duties and investigative tasks unrelated "to an advocate's preparation for the initiation of a prosecution or for judicial proceedings." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, (1993) (citation omitted); *Carter v. Burch*, 34 F.3d 257, 261–63 (4th Cir. 1994). Absolute immunity protects those "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." *Buckley*, 509 U.S. at 273. Thorne-Begland's actions in initiating probation revocation proceedings against Williams and in attempting to compel Williams to testify against Robert Wallace and other individuals fall with Thorne-Begland's role as an advocate for the state. *See Carter*, 34 F.3d at 263 (observing

"that the presentation of false testimony in court is a charge for which the prosecutor is afforded absolute immunity") (citation omitted); *Hamilton v. Daley*, 777 F.2d 1207, 1212–13 (7th Cir. 1985). Accordingly, Claim II will be dismissed.

Lastly, the Court notes Williams's claims are generally factually frivolous. Review of the pertinent records reflect that Williams's probation revocation proceedings were initiated in light of Williams's indictment in this Court for narcotics violations. *See Williams v. Smith*, 3:11CV578–HEH, 2012 WL 3985609, at *1 (E.D. Va. Sept. 11, 2012) (citation omitted).

The action will be dismissed. The Clerk will be directed to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Final Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Sept 23 2013
Richmond, Virginia